UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE GERTRUDE M MEYER
REVOCABLE TRUST DATED 10/04/91,
        Petitioner,

    v.                                                                         Case No. 06C0491

EDWARD D JONES & CO., LLP,
        Respondent.

## DECISION AND ORDER

### I. BACKGROUND

Petitioner, The Gertrude M. Meyer Revocable Trust Dated 10/04/91, a Wisconsin-based trust, owned stock which it asked respondent, Edward D. Jones & Company, LLP, a Missouri-based stock broker, to sell. Respondent sold the stock for a considerably lower price than petitioner believes it could have obtained. As a result, petitioner initiated an arbitration proceeding with NASD Dispute Resolution, Inc. ("NASD"), alleging that respondent had caused it incur a loss of $23,436. Petitioner filed its claim under NASD's simplified arbitration procedure, which governs claims under $25,000. Petitioner also sought unspecified amounts for lost income, punitive damages, interest and attorney fees. The arbitrator dismissed petitioner's claim, and petitioner filed a petition in this court seeking to vacate the arbitrator's decision. Petitioner alleges that the arbitration process was deficient, the arbitrator committed misconduct and the arbitrator's decision was unsupported by evidence.

## II. DISCUSSION

I conclude that I do not have subject matter jurisdiction over petitioner's action. Subject matter jurisdiction arises "only when the complaint standing alone 'establishes that either federal law creates the cause of action or the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law.'" Minor v. Prudential Securities, Inc., 94 F.3d 1103, 1105 (7th Cir. 1996) (quoting Franchise Tax Bd. V. Constr. Laborers Vacation Fund, 463 U.S. 1, 27-28 (1983)). When a plaintiff seeks federal court review of an arbitration award, federal statutory issues in the underlying arbitration dispute are "irrelevant for purposes of subject matter jurisdiction. Id. at 1106. Rather, the petition to vacate the arbitration award must itself "invoke diversity or federal question jurisdiction." Id. Thus, in determining jurisdiction, I do not look to the complaint in the arbitration proceeding but only to the "claims articulated in [the] complaint before the district court." Wisconsin v. Ho-Chunk Nation, Nos. 06-1053, 06-1837, 2006 U.S. App. LEXIS 23140, at *10 (7th Cir. September 11, 2006).

Petitioner first asserts that I have federal question jurisdiction based on the Federal Arbitration Act. However, a federal district court "has subject matter jurisdiction over a petition to vacate an arbitration award pursuant to [the Federal Arbitration Act] only where diversity of citizenship exists or the motion disclose[s] a federal question on its face." Minor, 94 F.3d at 1107. The Federal Arbitration Act is "neither a grant of jurisdiction nor the source of an independent federal claim arising under federal law" and thus "does not provide federal question jurisdiction." Press v. Raether, 227 F. Supp. 2d 1022, 1023 (E.D. Wis. 2002). Petitioner also asserts that I have federal question jurisdiction based on the Securities Exchange Act. However, its petition does not present a claim under the Act and,

2

as previously stated, the fact that the underlying dispute implicates federal securities laws does not create federal subject matter jurisdiction over a petition to vacate an arbitration award. See Goeben v. Morgan Stanley DW, Inc., No. 06-C-319, 2006 U.S. Dist. LEXIS 68055, at *2 (E.D. Wis. September 20, 2006).

Turning to diversity jurisdiction, plaintiff may establish such jurisdiction by demonstrating that the parties are diverse and that the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. Petitioner alleges that it is a citizen of Wisconsin and respondent a citizen of Missouri and thus satisfies the first requirement. However, if it "appear(s) to a legal certainty that the claim is really for less than the jurisdictional amount," St. Paul Mercury Index. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), petitioner cannot satisfy the amount in controversy requirement. In determining whether the jurisdictional amount is met, I consider the initial claim along with the entire record. Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993). Where, as here, claims for unspecified amounts of damages form the bulk of the amount in controversy, I must scrutinize those claims carefully to ensure that they have "a colorable basis in law and fact." Kahal v. J. W. Wilson & Assoc, Inc., 673 F.2d 547, 549 (D.C. Cir. 1982). I conclude that it appears to a legal certainty that petitioner could not recover an amount equal to the jurisdictional threshold. In its petition in this court, petitioner attaches no dollar amount to its claim. And in the arbitration proceeding, petitioner alleged that it had incurred damages of $23,436 and it filed its claim under NASD's simplified arbitration procedure, which is available only to claimants seeking less than $25,000. Thus, I see no possibility that petitioner's damages could exceed $75,000 exclusive of interest and costs.

Therefore, for the foregoing reasons,

**IT IS ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 5 day of October, 2006.

/s_____
LYNN ADELMAN
District Judge